UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
  MICROBAN PRODUCTS CO.,                         :
                                                      :
                                 Plaintiff,      :
                                                      :
                   v.                             :
                                                      :
  API INDUSTRIES, INC., d/b/a ALUF               :
  PLASTICS, INC.,                                 :
                                                      :
                                Defendant. :
                                                      :
------------------------------------------------------X

| USDC SDNY |
| :-- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  July 7, 2014 |

14 Civ. 41 (KPF)

AMENDED OPINION AND
        ORDER

KATHERINE POLK FAILLA, District Judge:

      By Opinion and Order dated May 8, 2014, the Court granted Plaintiff's motion for summary judgment, as well as Plaintiff's requests for (i) damages in the amount of $750,876; (ii) pre-judgment interest pursuant to § 5001 of the New York Civil Practice Law and Rules ("CPLR"); and (iii) post-judgment interest pursuant to CPLR § 5004.  *See Microban Products Co.* v. *API Indus., Inc.*, No. 14 Civ. 41 (KPF), 2014 WL 1856471, at *19 (S.D.N.Y. May 8, 2014) ("Microban requests pre-judgment interest calculated from when payment for each of the shipments of Microban Compound became past due, at a rate of 9% per year.  Microban also requests post-judgment interest from the date judgment is entered.  Aluf does not contest the imposition of either pre- or post-judgment interest." (internal citations omitted)).

      On May 30, 2014, Plaintiff notified the Court of legal authority contrary to its position, which authority had not been disclosed by either party in the

prior motion practice. (Dkt. #37).[1] Specifically, while Plaintiff had requested, and ultimately was awarded, post-judgment interest at the New York statutory rate of 9%, recent Second Circuit case law dictates that post-judgment interest should instead have been awarded at the federal rate, pursuant to 28 U.S.C. § 1961. *See Capiello* v. *ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions").

Rule 60(a) of the Federal Rules of Civil Procedure provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." *Paddington Partners* v. *Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) (quoting Fed. R. Civ. P. 60(a)). Neither party disputes that the proper statutory source for post-judgment interest, as applied to this action, is the federal statute. (*See* Dkt. #37, 38).

This distinction is largely academic, however, since Plaintiff no longer seeks the imposition of post-judgment interest. By letter dated July 7, 2014, Plaintiff notified the Court that on July 1, 2014, Defendant had "fully paid" Microban the $750,876 Defendant owed, as well as $59,771 in interest, for a total of $810,647. (Dkt. #41). Plaintiff subsequently confirmed to the Court that it no longer sought the imposition of post-judgment interest, since

---

[1] It is for this reason that the Court finds Defendant's insinuation that Plaintiff intentionally misled Court into applying the incorrect legal standard to be without any basis. (*See* Dkt. #38).

Defendant had already paid the amount it owed prior to the Court's entry of judgment.

Nonetheless, the Court's May 8, 2014 Opinion and Order is hereby amended to reflect the Court's imposition of post-judgment interest pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: July 7, 2014
     New York, New York

_____
   KATHERINE POLK FAILLA
   United States District Judge