USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 8, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
  :
MICROBAN PRODUCTS CO.,  :
  :
                              Plaintiff,  :         14 Civ. 41 (KPF)
  :
                v.  :         <u>ORDER</u>
  :
API INDUSTRIES, INC., d/b/a ALUF  :
PLASTICS, INC.,  :
  :
                             Defendant.  :
  :
------------------------------------------------------ X

KATHERINE POLK FAILLA, District Judge:

     WHEREAS, on January 6, 2014, this action was commenced by Plaintiff Microban Products Company ("Microban" or "Plaintiff") against Defendant API Industries, Inc., doing business as Aluf Plastics, Inc. ("Aluf" or "Defendant"), alleging that Defendant is liable for trademark infringement, trademark dilution, unfair competition, goods sold and delivered, account stated, and breach of contract under New York State law; and for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) (Dkt. #1);

     WHEREAS, on January 31, 2014, Plaintiff moved for (i) summary judgment on all of its claims; (ii) a permanent injunction enjoining Defendant from "improperly using the Microban Marks in the advertising and marketing of Aluf's trash bags"; and (iii) attorneys' fees (Dkt. #20);

WHEREAS, on March 3, 2014, Defendant filed its opposition submission (Dkt. #25), and on March 10, 2014, Plaintiff filed its reply submission (Dkt. #30);

WHEREAS, on May 8, 2014, the Court issued an Opinion and Order granting Plaintiff's motion for (i) summary judgment; (ii) a permanent injunction; and (iii) attorneys' fees (Dkt. #34);

WHEREAS, in its Opinion and Order, the Court specifically found that Plaintiff is entitled to (i) $750,876 in damages; (ii) pre-judgment interest compounding annually at the statutory rate of 9%, and accruing on the date each invoice became past-due; (iii) post-judgment interest, compounding annually at the statutory rate, and accruing on the date of judgment; (iv) a permanent injunction enjoining Defendant from using the Microban Marks[1] to co-brand its products; and (v) attorneys' fees (Dkt. #34);

WHEREAS, in its Opinion and Order, the Court ordered Plaintiff, by May 30, 2014, to submit (i) a proposed Order to the Court setting forth the above-detailed damages, including the dates from which pre-judgment interest shall be awarded;[2] (ii) a proposed Order to the Court setting forth the precise terms

---

[1] The Microban Marks, each individually and taken together, refer to Plaintiff's federally registered trademarks or service marks having Registration Nos. 1,141,006; 2,220,264; 2,227,218; and, 2,611,477.  (Kreps Decl. Ex. A; Dkt. #22-1).

[2] By letter dated July 7, 2014, Plaintiff notified the Court that on July 1, 2014, Defendant "fully paid" Microban the $750,876 Defendant owed, as well as $59,771 in interest, for a total of $810,647.  (Dkt. #41).  Because Defendant has already paid the amount it owes — to Microban's satisfaction — the Court need not include in this Order the imposition of damages, pre-judgment interest, or post-judgment interest.

2

of the permanent injunction discussed in the Court's Opinion and Order; and (iii) a fee application to the Court, including a sworn declaration providing each attorney's background, experience, and billing rate at the time the work was expended, as well as copies of the attorneys' time sheets (Dkt. #34);

Now, therefore, it is hereby ORDERED that:

1. Defendants are found to be liable to Plaintiff for (i) trademark infringement in violation of 15 U.S.C. § 1114; (ii) false designation of origin in violation of 15 U.S.C. § 1125(a); (iii) trademark dilution in violation of New York General Business Law § 360-*l*; (iv) trademark infringement in violation of the common law of the State of New York; (v) goods sold and delivered in violation of New York Uniform Commercial Code § 2-709; (vi) unfair competition in violation of the common law of the State of New York; (vii) account stated in violation of the common law of the State of New York; and (viii) breach of contract in violation of the common law of the State of New York.

2. Defendant's infringement of the Microban Marks is found to be willful and in bad faith.

3. Effective immediately, Defendant is permanently enjoined and restrained, together with its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors, agents, and assigns, and all those in active concert or participation with them, from:

a) imitating, copying, or making unauthorized use of the Microban Marks in any way, including, but not limited to, using the Microban

Marks on any website, packaging, marketing materials, advertising, or labels;

b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying Defendant's goods, or any other product, bearing any unauthorized reproduction, counterfeit, copy, or colorable imitation of the Microban Marks, either individually or in conjunction with other words, marks, or designs;

c) using any of the Microban Marks, or any mark confusingly similar to the Microban Marks, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation, or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Plaintiff or to any goods sold, sponsored, licensed, approved by, or connected with Plaintiff;

d) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of the Microban Marks or Plaintiff's rights in or its rights to use or exploit such trademarks, or the reputation and the goodwill associated with the Microban Marks;

e) making any statement or representation whatsoever with respect to Defendant's goods that falsely designates Plaintiff as the origin of the goods or that is likely to cause confusion, mistake or deception that

Plaintiff sponsors, endorses, approves of, or is affiliated with Defendant's goods or Defendant's use of the Microban Marks;

f) maintaining on Defendant's website, packaging, marketing materials, advertising, or labels (i) any statement or representation that Defendant has an exclusive right to use Plaintiff's product or that Defendant is the only producer of its kind to use Plaintiff's product; (ii) any page, such as a Frequently Asked Questions page, used to explain the benefits of Plaintiff's product; (iii) any display of the Microban Marks on Defendant's page of endorsements; and (iv) any use or display of Plaintiff's trademarked logo (Reg. No. 2,227,218) of an orb enclosed by four arrows, as depicted below:



g) engaging in any other activity, including the sale or effectuation of assignments or transfers of any materials using the Microban Marks, the formation of other corporations, partnerships, associations, or other entities, or the utilization of any other devices, for the purpose of circumventing, evading, avoiding, or otherwise violating the prohibitions set forth in subsections (a) through (f) above.

4. Subject to the foregoing, to the extent Defendant's goods are actually and properly incorporated with Plaintiff's product, Defendant may accurately and truthfully state that its product "contains Microban® compounds," or "is manufactured with genuine Microban®," but only if (i) the

5

word "Microban®" is the same size, color, font, and general distinctiveness as the words surrounding it; and (ii) Defendant includes a disclaimer that states: "Microban® is a registered trademark of Microban Products Company.  This product is not authorized, sponsored, or manufactured by Microban®." Defendant may not use the word "Microban®" or "Microban" in any other way in any consumer or commercial product packaging or description, but may truthfully describe the antimicrobial qualities of products made with the Microban® compounds.

5. Plaintiff is entitled to and shall receive and recover from Defendant $157,036.58 in attorneys' fees and costs, as found to be reasonable by the Court, and as set forth in a separate Order.

6. The Court retains jurisdiction over this matter and the parties to this action in order to enforce the terms of this Permanent Injunction.  The Clerk of Court is directed to mark this case as closed.

SO ORDERED.

Dated: July 8, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

6